Hasan UZUN, Petitioner,

v.

Alberto R. GONZALES, Attorney General, Respondent.

No. 06–1748–ag.

United States Court of Appeals, Second Circuit.

Dec. 8, 2006.

Oleh R. Tustankiwky, New York, NY, for Petitioner.

Bradley J. Schlozman, United States Attorney for the Western District of Missouri, Lucinda S. Woolery, Assistant United States Attorney, Kansas City, MO, for Respondent.

PRESENT: Hon. ROSEMARY S. POOLER, Hon. B.D. PARKER, and Hon. PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Hasan Uzun, a citizen of Turkey, seeks review of a March 29, 2006 order of the BIA affirming the November 10, 2004 decision of Immigration Judge ("IJ") Douglas B. Schoppert denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Hasan Uzun*, No. A79 424 963 (B.I.A. Mar. 29, 2006), *aff'g* No. A79 424 963 (Immig. Ct. N.Y. City Nov. 10, 2004). We assume the parties' familiarity with the

underlying facts and procedural history of the case.

Where, as here, the BIA summarily affirms the decision of the IJ without issuing an opinion, *see* 8 C.F.R. § 1003.1(e)(4), we review the IJ's decision as the final agency determination. *Tuwum v. INS*, 411 F.3d 54, 58 (2d Cir.2005). We review the agency's factual findings under the substantial evidence standard, treating them as "conclusive unless any reasonable adjudicator would be compelled to conclude to the contrary." 8 U.S.C. § 1252(b)(4)(B); *see Zhou Yun Zhang v. INS*, 386 F.3d 66, 73 & n. 7 (2d Cir.2004). However, we will vacate and remand for new findings if the agency's reasoning or its fact-finding process was sufficiently flawed. *Cao He Lin v. U.S. Dep't of Justice*, 428 F.3d 391, 401 (2d Cir.2005).

■ An applicant who has established past persecution is entitled to a presumptive well-founded fear of future persecution which may be rebutted if the government proves that there has been a fundamental change in circumstances such that the applicant's life or freedom would not be threatened or if it proves that the "applicant could avoid future persecution by relocating to another part of the proposed country of removal." 8 C.F.R. § 1208.13(b). Although it is not clear whether the IJ found past persecution, we assume that he did in accordance with the parties' stipulation to that effect. Accordingly, the IJ erred in finding that Uzun did not "establish that *at present* he has a well-founded fear." (emphasis added). It was not Uzun's burden of proof to establish that he possessed a well-founded fear, but the government's burden to rebut the regulatory presumption that arose from a finding of past persecution. *See* 8 C.F.R. § 1208.13(b). Although the two-year period that Uzun lived in Turkey without incident after his

second arrest may undermine his presumptive well-founded fear, we cannot confidently predict the same result if the IJ had applied the correct burden of proof. *See Xiao Ji Chen v. U.S. Dep't of Justice*, 434 F.3d 144, 162 (2d Cir.2006) (ruling that remand is futile where we can confidently predict that the IJ would have reached the same decision absent errors).

■ The IJ also erred through placing excessive reliance on the State Department Report as the only other evidence that conditions in Turkey had fundamentally changed since Uzun's departure. We have provided guidance on how State Department country reports should be utilized, emphasizing that "the immigration court should be careful not to place excessive reliance" on them. *Tambadou v. Gonzales*, 446 F.3d 298, 302 (2d Cir.2006) (quoting *Tian–Yong Chen v. INS*, 359 F.3d 121, 130 (2d Cir.2004)). Although the IJ accurately noted that the State Department Report indicates that (1) 2002 parliamentary elections in Turkey brought to power an Islamist Party, (2) the Turkish government enacted a number of human rights related reforms and (3) the country generally respected the human rights of its citizens, these observations alone do not sustain a finding that there are fundamentally changed circumstances in the country where several other sections of the Report detail a pattern of human rights abuses in certain areas of Turkey.

■ Finally, we lack authority to review claims for relief that were not exhausted before the BIA. *Karaj v. Gonzales*, 462 F.3d 113, 117 (2d Cir.2006). An applicant's inclusion of such claims in the prayer for relief to the BIA does not exhaust a claim where he or she fails to make an argument in support of the claim or to identify, at least by implication, any error in the IJ's ruling concerning the claim.

*See Id.* Here, although Uzun mentioned in his prayer for relief to the BIA that the IJ erroneously denied him withholding of removal and CAT relief, he makes no other reference to or arguments concerning those claims. Accordingly, we deny those claims for lack of administrative exhaustion.

For the foregoing reasons the petition for review is REMANDED in part and DENIED in part. Having completed our review, any stay of removal that the Court previously granted in this petition is VACATED, and any pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).